# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECKROM, INC., <br><br> Plaintiff, <br><br> v. <br><br> FORD MOTOR COMPANY, et al., <br><br> Defendants. | Case No.: 3:22-cv-00357-RBM-KSC <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** <br><br> **[Doc. 3]** |

Currently pending before the Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Ford Motor Company ("Ford"). (Doc. 3 (hereinafter "MTD").) Plaintiff Teckrom, Inc. ("Plaintiff") filed an opposition to Ford's MTD (Doc. 5 (hereinafter "Opp.")), and Ford filed a reply (Doc. 6). The Court finds the matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, Ford's MTD is **GRANTED**.

## I.     BACKGROUND

On or around June 2, 2017, Plaintiff purchased (or leased) a 2017 Ford F150 Raptor, Vehicle Identification Number 1FTFW1RG2HFC10980 (the "Vehicle"), from Ford, the Vehicle's manufacturer. (Doc. 1-2, Compl. ¶ 4.) The Vehicle was purchased for personal or household purposes. (*Id*.) Plaintiff alleges Ford gave Plaintiff an express written warranty, which provided that, in the event a defect developed in the Vehicle during the

warranty period, Plaintiff could deliver the vehicle to Ford's authorized repair facilities for services. (*Id*. ¶ 5.) Plaintiff alleges the Vehicle developed nonconformities during the warranty period, including: "[v]ehicle transmission getting stuck in gear, Vehicle stalling while in drive, loss of control in Vehicle steering, excessive and repeated engine noise from Vehicle, excessive and repeated vibrations from Vehicle, defective turbo, repeated problems with fluid leaking, nauseous odors emitting from Vehicle, and repeated presentation of check engine light." (*Id*. ¶ 6.) Plaintiff further alleges Ford and its representatives "have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities." (*Id*. ¶ 7.)

Plaintiff filed suit against Ford in the Superior Court of California, County of San Diego, on February 14, 2022, alleging: (i) three violations of California's Song-Beverly Consumer Warranty Act ("Song-Beverly"), California Civil Code §§ 1790, *et seq*.; and (ii) a violation of California's Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200, *et seq*. (*See id*.) Ford removed the action to this Court on March 17, 2022 on the basis of diversity of citizenship and an amount in controversy exceeding $75,000. (Doc. 1.)

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). At the motion to dismiss stage, all material factual allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). "A complaint should not be dismissed unless a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. (citation omitted).

To avoid dismissal under Rule 12(b)(6), a complaint need not contain detailed factual allegations; rather, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

When a Rule 12(b)(6) motion is granted, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

### III.   DISCUSSION

Ford argues the Complaint should be dismissed in its entirety for failure to state a claim upon which relief can be granted. The Court will address each of the claims in Plaintiff's Complaint in turn.

**A. Violation of California Civil Code Section 1793.2(d)**

Plaintiff first alleges Ford failed to comply with Cal. Civ. Code § 1793.2(d)(1) because, after providing an express warranty for the Vehicle, Ford failed to: (1) fix non-conformities after a reasonable number of opportunities; and (2) promptly replace the Vehicle or make restitution to Plaintiff. (Compl. ¶¶ 4–12.) Ford argues Plaintiff fails to plead an express warranty cause of action because: (1) Plaintiff asserts in conclusory fashion that the Vehicle developed non-conformities; (2) Plaintiff fails to allege it presented the Vehicle to a Ford-authorized facility for repair on more than one occasion; and (3) Plaintiff provides no factual allegations regarding when repairs occurred and how many repair opportunities were presented to Ford. (MTD at 4–5.)

To prevail on its claim for breach of express warranty pursuant to Cal. Civ. Code § 1793.2(d)(1), Plaintiff must prove "(1) the vehicle had a nonconformity covered by the

3

express warranty that substantially impaired the use, value or safety of the vehicle (the nonconformity element); (2) the vehicle was presented to an authorized representative of the manufacturer of the vehicle for repair (the presentation element); and (3) the manufacturer or his representative did not repair the nonconformity after a reasonable number of repair attempts (the failure to repair element)." *Oregel v. Am. Isuzu Motors, Inc.*, 90 Cal. App. 4th 1094, 1101, 109 Cal. Rptr. 2d 583, 588 (Cal. Ct. App. 2001); *see also* CAL. CIV. CODE § 1793.2(d)(1).

Here, Plaintiff alleges that, during the warranty period, the Vehicle developed various nonconformities, including the Vehicle transmission getting stuck in gear and the Vehicle stalling while in drive. (Compl. ¶ 6.) Plaintiff also alleges that these nonconformities substantially impaired the use, value, or safety of the Vehicle. (*Id.*) Plaintiff's allegations, however, fail to satisfy the three prongs of a Section 1793.2(d)(1) claim. First, Plaintiff asserts in conclusory fashion that the Vehicle developed various nonconformities, and that such nonconformities "substantially impair the use, value, or safety of the Vehicle." (*Id.*) The Complaint does not contain any facts about how the alleged nonconformities impaired the use, value, or safety of the Vehicle; nor does Plaintiff allege if the use, value, *and* safety of the Vehicle was impaired.

Plaintiff also asserts in conclusory fashion that "Plaintiff presented the Vehicle to Defendant's representative in this state" and "Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities." (Compl. ¶¶ 7, 14.) The Complaint contains no additional facts about where or when the Vehicle was presented to Ford or its representative, nor does Plaintiff allege any additional facts about the number of repair attempts or the continued presence of nonconformities. While Plaintiff need not prove its case at the motion to dismiss stage, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Accordingly, the Court grants Ford's motion to dismiss Plaintiff's first cause of action for violation of Cal. Civ. Code § 1793.2(d)(1).

**B. Violation of California Civil Code Section 1793.2(b)**

Plaintiff's second cause of action alleges Ford violated Cal. Civ. Code § 1793.2(b) by failing to repair the Vehicle's defects covered by the express warranty within thirty days. (Compl. ¶¶ 13–17.) Ford argues this claim fails to plausibly allege a violation of Section 1793.2(b) because Plaintiff merely recites the elements of the cause of action and "does not plead any facts indicating when it brought the Subject Vehicle to a Ford authorized repair facility, how long it took Ford to commence repairs, and how long it took Ford to complete any repairs." (MTD at 5–6.)

Section 1793.2(b) requires that when goods must be serviced or repaired "because they do not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative." Cal. Civ. Code § 1793.2(b). The statute further provides that, unless the buyer agrees in writing to the contrary, "the goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days." *Id*.

Here, Plaintiff merely alleges it "presented the Vehicle to Defendant's representative in this state, Defendant and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days." (Compl. ¶ 14.) The Court agrees with Ford that Plaintiff has merely recited the elements of a cause of action without plausibly alleging it is entitled to relief. *See Iqbal*, 556 U.S. at 678. Plaintiff has alleged no facts regarding "where, when, or how [it] presented the Vehicle for service." *Potts v. Ford Motor Co.*, No. 3:21-cv-00256-BEN-BGS, 2021 WL 2014796, at *6 (S.D. Cal. May 20, 2021). Because the Court again finds Plaintiff provided mere "[t]hreadbare recitals of the elements of a cause of action," *Iqbal*, 556 U.S. at 678, the Court grants Ford's motion to dismiss Plaintiff's second cause of action for violation of Cal. Civ. Code § 1793.2(b).

**C. Violation of California Civil Code Section 1791.1**

Plaintiff's third cause of action alleges Ford violated Cal. Civ. Code § 1791.1, California's implied warranty of merchantability. Ford again argues Plaintiff pleads no

facts to support its claim and instead merely recites the elements of the cause of action. (MTD at 6–7.)

"An implied warranty of merchantability under the Song–Beverly Act requires that consumer goods '[a]re fit for the ordinary purposes for which such goods are used.'" *Victorino v. FCA US LLC*, 326 F.R.D. 282, 290 (S.D. Cal. 2018) (quoting CAL. CIV. CODE § 1791.1(a)). "Unlike express warranties, which are basically contractual in nature, the implied warranty of merchantability arises by operation of law" and "provides for a minimum level of quality." *Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 945 (C.D. Cal. 2012) (quoting *American Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291, 1295–96 (Cal. Ct. App. 1995). California courts "reject the notion that merely because a vehicle provides transportation from point A to point B, it necessarily does not violate the implied warranty of merchantability." *Isip v. Mercedes–Benz USA, LLC*, 155 Cal. App. 4th 19, 27 (Cal. Ct. App. 2007). "A vehicle that smells, lurches, clanks, and emits smoke over an extended period of time is not fit for its intended purpose." *Id*. The law does not require that a vehicle be inoperable. *Avedisian v. Mercedes–Benz USA, LLC*, 43 F. Supp. 3d 1071, 1079 (C.D. Cal. 2014).

In support of its claim for breach of the implied warranty of merchantability, Plaintiff relies on the same list of nonconformities, including "excessive and repeated engine noise from Vehicle, excessive and repeated vibrations from Vehicle, defective turbo, repeated problems with fluid leaking, nauseous odors emitting from Vehicle, and repeated presentation of check engine light." (Compl. ¶ 6.) Plaintiff alleges "[t]he existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not conform to the promises or affirmations of fact made on the container or label." (*Id*. ¶ 21.) The Court again finds Plaintiff has not included sufficient factual allegations "about how long these problems lasted or what actual effect the problems had on operation of the Vehicle." *Potts*, 2021 WL 2014796, at *6 (citation

omitted). Plaintiff has again merely recited the elements of the cause of action, evident by Plaintiff's allegations that the Vehicle "is not adequately contained, packaged, and labelled" and "does not conform to the promises or affirmations of fact made on the container or label" despite this case having nothing to do with packaged or labeled products. *See id*. The Court again finds Plaintiff has failed to satisfy the minimum pleadings requirements. *See Iqbal*, 556 U.S. at 678. The Court grants Ford's motion to dismiss Plaintiff's third cause of action for violation of Cal. Civ. Code § 1791.1.

### D. Violation of California Business & Professions Code Section 17200, *et seq.*

Finally, Plaintiff alleges Ford violated California's UCL due to its statutory violations of the California Civil Code for breach of express and implied warranty. (Compl. ¶¶ 23–25.) Plaintiff alleges Ford violated the UCL's "unlawful" prong. (*See id*. ¶ 25 ("These violations of law serve as a basis for a per se unlawful business practice under B & P § 17200.").)

"With respect to the UCL's 'unlawful' prong, the Court considers whether the Plaintiff alleges an unlawful business practice, i.e., anything that can be called a business practice and that is forbidden by law." *In re Outlaw Lab'y, LLP*, 463 F. Supp. 3d 1068, 1089 (S.D. Cal. 2020), *on reconsideration*, No. 3:18-CV-0840-GPC, 2020 WL 3840559 (S.D. Cal. July 8, 2020). "Any federal, state or local law can serve as a predicate for an unlawful business practice action." *Id*. at 1089–90. "However, a UCL claim 'must identify the particular section of the statute that was violated and must describe with reasonable particularity the facts supporting the violation.'" *LegalForce RAPC Worldwide P.C. v. UpCounsel, Inc.*, No. 18-CV-02573-YGR, 2019 WL 160335, at *13 (N.D. Cal. Jan. 10, 2019) (quoting *In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953, 989 (N.D. Cal. 2016) (internal quotation marks omitted)).

Plaintiff alleges in conclusory fashion that "Defendant violated [the Song-Beverly Act and the common-law duties]" and that such violations "serve as a basis for a per se unlawful business practice under B & P § 17200." (Compl. ¶¶ 25.) Plaintiff fails to "identify the particular section of the statute that was violated" and also fails to "describe

7

with reasonable particularity the facts supporting the violation." *LegalForce*, 2019 WL 160335, at *13. Additionally, because the Court finds Plaintiff has failed to state a claim for statutory violations of the California Civil Code, "[i]t follows that this claim for 'unlawful' conduct also fails because the underlying 'unlawful' conduct is not adequately pled." *Potts*, 2021 WL 2014796, at *7 (citation omitted). Accordingly, the Court grants Ford's motion to dismiss Plaintiff's fourth claim for violation of the UCL.

Ford also challenges the relief Plaintiff seeks in connection with its UCL claim. (MTD at 8–9.) In its Complaint, Plaintiff seeks "injunctive relief and restitution, including disgorgement of improper fees penalties and interest" for Ford's alleged violation of the UCL. (Compl. ¶ 25.) Ford argues: (1) Plaintiff cannot seek injunctive relief in connection with its UCL claim because it has not shown there is no adequate remedy at law; and (2) Plaintiff lacks standing to pursue injunctive relief because it has not sufficiently pled any injury, "let alone the threat of a repeated future injury." (MTD at 8–9.) The plaintiffs in *Potts v. Ford Motor Co.* alleged "injunctive relief and restitution . . . is appropriate" for violation of the UCL. 2021 WL 2014796, at *7. As the Court explained in *Potts*, "the remedies for violation of the UCL are limited to injunctive relief and restitution—a plaintiff may not recover monetary damages." *Id*; *see also In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009). The Court follows *Potts* in declining at this stage, given Plaintiff's opportunity to amend its Complaint, to "strike certain remedies sought in the complaint." 2021 WL 2014796, at *7 n.5 ("[B]ecause the Court grants Plaintiffs leave to amend, it notes that certain equitable remedies sought in the complaint may be unavailable in federal court.") (citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020)).[1]

---

[1] The Honorable Roger T. Benitez later dismissed with prejudice plaintiffs' UCL claim due to their failure to allege in their amended complaint that money damages would be an inadequate remedy. *Potts v. Ford Motor Co.*, No. 321CV00256BENBGS, 2021 WL 3112471, at *5 (S.D. Cal. July 22, 2021); *see also Shay v. Apple Inc.*, No. 20CV1629-GPC(BLM), 2021 WL 1733385, at *5 (S.D. Cal. May 3, 2021) (relying on *Sonner* in

## IV. CONCLUSION

For the reasons discussed above, Ford's MTD (Doc. 3) is **GRANTED**. Plaintiff may file a First Amended Complaint within **30 days** that cures the pleading deficiencies identified in this Order. If Plaintiff fails to cure the deficiencies outlined by the Court, the Court may dismiss this matter with prejudice.

**IT IS SO ORDERED.**

DATE: November 21, 2022

*Ruth Bermudez Montenegro*
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

granting motion to dismiss UCL claim due to plaintiff's failure to allege inadequate remedy at law).